**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FREDERICK O. SILVER,**

    **Plaintiff,**

  v.                                                      Civil Action 2:21-cv-4358
                                                         Judge Sarah D. Morrison
                                                         Magistrate Judge Chelsey M. Vascura

**SAFELITE FULFILLMENT, INC.,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Frederick O. Silver, a Texas resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims under the Fair Debt Collection Practices Act pursuant to 28 U.S.C. § 1915(e)(2), and that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3).

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

\* \* \*

(B) the action or appeal--

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual


demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff is employed by Defendant Safelite Fulfillment, Inc. ("Safelite") as a warehouse associate at an hourly rate of $17.00 per hour. (Compl. ¶ 17, ECF No. 1-1.) On August 27, 2021, he discovered that his wages had been garnished in the amount of $113.19. (*Id.*) Upon contacting Safelite's human resources department, Plaintiff was told that Safelite and Defendant

ADP Payroll Services, Inc. ("ADP") had garnished his wages to collect outstanding child support payments on behalf of Clark County, Nevada. (*Id.* at ¶ 18.) Plaintiff alleges that the outstanding child support payments constitute a "debt" under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"), and that Defendants violated the FDCPA when they collected a debt without obtaining Plaintiff's consent or providing him with notice that Defendants are debt collectors. (*Id.* at ¶ 23.) Plaintiff also asserts state-law claims for violation of the Texas Finance Code, invasion of privacy, and unreasonable collection efforts arising out of the garnishment of his wages. (*Id.* at ¶¶ 33–42.) Plaintiff seeks compensatory, statutory, and punitive damages as well as injunctive relief. (*Id.* ¶¶ 32, 35–36, 38, 42–43.)

Plaintiff's FDCPA claim fails because child support obligations do not constitute a "debt" for purposes of the statute. "Debt" is defined by 15 U.S.C. § 1692a(5) as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Courts across the country have consistently determined that child support obligations do not meet this definition. *See, e.g.*, *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87–88 (4th Cir. 1994) ("child support obligations . . . do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services"); *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (citing *Mabe* with approval); *Bell v. Providence Cmty. Corr., Inc.*, No. 3:11-00203, 2011 WL 2218600, at *5 (M.D. Tenn. June 7, 2011) (same); *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D. Tex. 2000) ("courts have been unanimous in holding that child support payments are not a 'debt' covered by the [FDCPA]") (collecting cases). Because the FDCPA applies only to the collection of a "debt," and because child support obligations do not constitute

4

a "debt," the FDCPA can provide no relief to Plaintiff in connection with the garnishment of his wages to collect outstanding child support payments. It is therefore **RECOMMENDED** that Plaintiff's FDCPA claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, Plaintiff's Complaint fails to establish diversity of citizenship between himself and the Defendants as required by 28 U.S.C. § 1332 for the Court to exercise diversity jurisdiction. Plaintiff alleges that he resides in Texas, which establishes his Texas citizenship. However, he alleges only that Safelite has a "principal office street address" in Ohio and that ADP "can be served with process" care of CT Corporation System in Ohio. Plaintiff therefore has not alleged facts to establish Defendants' places of incorporation or ADP's principal place of business as required by § 1332(c)(1). Moreover, Plaintiff's allegations fail to plausibly suggest that the amount in controversy of his state law claims exceed the diversity jurisdiction threshold of $75,000. The only actual damages alleged by Plaintiff are the $113.19 garnished from his August 27, 2021 pay, and, although Plaintiff makes conclusory allegations of malice and gross negligence, his Complaint is devoid of any factual allegations demonstrating conduct by Defendants that would permit recovery of punitive damages. Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's purported federal claims, it is further **RECOMMENDED** that the

Court decline to exercise supplemental jurisdiction over any remaining state-law claim and that it dismiss any such claims without prejudice to filing in state court.

### III. DISPOSITION

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's FDCPA claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that that the Court decline to exercise jurisdiction over Plaintiff's state-law claims in accordance with 28 U.S.C. § 1367(c)(3) such that those claims are **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE