UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FREDERICK O. SILVER,

        Plaintiff,      :

  v.                                         Case No. 2:21-cv-4358
                                             Judge Sarah D. Morrison
                                             Magistrate Judge Chelsey M.
SAFELITE FULFILLMENT,              Vascura
INC. *et al.*,                              :

        Defendants.

## ORDER

This matter is before the Court on the September 29, 2021 Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 6.) After performing an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff Frederick Silver's claim under the Fair Debt Collection Practices Act ("FDCPA") for failure to state a claim upon which relief may be granted, and decline to exercise pendent jurisdiction over his remaining state law claims. (*Id.*) Mr. Silver timely filed an objection to the Report and Recommendation. (Obj., ECF No. 7.) For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 6) and **DISMISSES** the Complaint (ECF No. 5).

I.      **BACKGROUND**

Mr. Silver is a Texas resident proceeding without assistance of counsel. (Compl., ECF No. 5.) He commenced this action against the Defendants Safelite

Fulfillment Inc. and ADP Payroll Services Inc. (*Id.*) Mr. Silver alleges that Safelite (his former employer) and ADP (its payroll processor) violated the FDCPA and various state laws by garnishing his wages to pay child support debts. (*Id.*) He seeks compensatory and punitive damages. (*Id.*)

The Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss Mr. Silver's FDCPA claim and decline to exercise pendent jurisdiction over his remaining state law claims. (R&R.) Mr. Lucas objects. (Obj.)

## II.    STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Silver's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (R&R.) Upon review, the Magistrate Judge recommended that Mr. Silver's FDCA claim be dismissed for failure to state a claim. (*Id.*) The Magistrate Judge reasoned:

> Plaintiff's FDCPA claim fails because child support obligations do not constitute a "debt" for purposes of the statute. "Debt" is defined by 15 U.S.C. § 1692a(5) as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Courts across the

2

> country have consistently determined that child support obligations do not meet this definition. *See, e.g., Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87–88 (4th Cir. 1994) ("child support obligations . . . do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services"); *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (citing *Mabe* with approval); *Bell v. Providence Cmty. Corr., Inc.*, No. 3:11-00203, 2011 WL 2218600, at *5 (M.D. Tenn. June 7, 2011) (same); *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D. Tex. 2000) ("courts have been unanimous in holding that child support payments are not a 'debt' covered by the [FDCPA]") (collecting cases). Because the FDCPA applies only to the collection of a "debt," and because child support obligations do not constitute a "debt," the FDCPA can provide no relief to Plaintiff in connection with the garnishment of his wages to collect outstanding child support payments.

(*Id.*, 4–5 .) The Magistrate Judge further concluded that this "Court does not have original jurisdiction over Plaintiff's state-law claims." (*Id.*, 5.)

Mr. Silver objects to the Magistrate Judge's Report and Recommendation, arguing that "[e]ven if Child support Debt is not a Debt as defined by the report of Magistrate Judge Chelsey M. Vascura, the actions of the defendants are the actions of a Debt collector as defined in 15 U.S. Code § 1692a - (6)." (Obj., 1) (reproduced as written). That section provides:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . .

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As to Mr. Silver's objection, it is simply incorrect. As used in 15 U.S.C. § 1692a(6), "debt" carries the meaning set out in subsection (5)—which, as the Magistrate

3

Judge points out, does not include child support payments. Accordingly, Defendants were not acting as debt collectors within the FDCPA when garnishing Mr. Silver's wages for child support payments.

## IV. CONCLUSION

Mr. Silver's Objection (ECF No. 7) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 6). Mr. Silver's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**